# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KYLE DAVID JOEKEL (#008090)**   **CIVIL ACTION**

**VERSUS**

**20-453-BAJ-RLB**

**DARRELL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 30, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KYLE DAVID JOEKEL (#008090)**         **CIVIL ACTION**

**VERSUS**

**20-453-BAJ-RLB**

**DARRELL VANNOY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against several defendants, alleging that his constitutional rights were violated due to extended confinement in CCR.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge.

The plaintiff filed his Complaint on or about July 13, 2020, however, no action on the part of the plaintiff to effectuate service appears in the record. On December 4, 2020, the plaintiff was ordered to show cause in writing why his claims should not be dismissed for failure to serve the defendants within the time allowed by Rule 4. Plaintiff was specifically informed that his prior attempt to serve by mail did not comport with the Federal Rules of Civil Procedure. Plaintiff was also advised that he could request service by the U.S. Marshals. Plaintiff failed to respond to the Court's show cause order or taken any other action to accomplish service. As such, the plaintiff's claims should be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on December 30, 2020.

                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**