## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KYLE DAVID JOEKEL (#008090)**                                **CIVIL ACTION**

**VERSUS**

                                                                                   **20-453-BAJ-RLB**

**DARRELL VANNOY, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 21, 2021.

                                                                                  _____
                                                                                  **RICHARD L. BOURGEOIS, JR.**
                                                                                  **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KYLE DAVID JOEKEL (#008090)**                          **CIVIL ACTION**

**VERSUS**

                                                             **20-453-BAJ-RLB**

**DARRELL VANNOY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendants Secretary James LeBlanc, Warden Darrell Vannoy, Warden Tim Delaney, and Warden Joseph Lamartiniere (R. Doc. 16). The Motion is opposed. *See* R. Doc. 17.

*Pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, complaining that his constitutional rights are being violated due to continuous solitary confinement since 2012. Defendants[1] move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the affidavit of Keishonda Sanders, certified copies of grievance input screens and administrative remedy procedures numbers LSP-2019-2344, LSP-2019-2344, and LSP 2020-1478, and a certified copy of LSP Directive No. 14-006 Administrative Remedy Procedure. The plaintiff opposes the motion relying upon the pleadings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions

---

[1] The defendant listed as "Unknown Sheriff of St. John Parish" has not been served.

of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In the Complaint, the plaintiff alleges that he has been continuously held in a closed cell restrictive unit ("CCR") since 2012. The defendants assert that the plaintiff's claims are subject to dismissal because the plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. In his Complaint and opposition, the plaintiff asserts that his grievance was erroneously rejected as untimely. A review of the record reveals that grievance number LSP-2020-1478 was filed by the plaintiff on June 1, 2020. Therein the plaintiff complained of his ongoing solitary confinement which began on September 11, 2012 when the plaintiff was a pre-trial detainee and has continued after the plaintiff was convicted. *See* R. Doc. 16-6, p. 3-5.

The grievance was rejected as untimely because the date of the incident was "more than 90 days past due." An additional notation that "ARP's must be filed within 90 days of the incident" was also included. *See* R. Doc. 16-6, p. 2. It is undisputed that the plaintiff's grievance never progressed past the screening stage.

The majority of plaintiff's grievance clearly complains of events far in the past. He complains about his transfer to Angola as a pretrial detainee in November of 2012. He complains about his past confinement as a pretrial detainee. Plaintiff alleges that his confinement as a pretrial detainee continued until his conviction on February 9, 2020. This date is also more than 90 days prior to the filing of the ARP. Plaintiff asserts that he has "been a pretrial detainee throughout this whole process . . . before being convicted." (R. Doc. 16-6 at 4). All of this predated the June 1, 2020 filing of the ARP by more than 90 days.

Plaintiff, however, also notes that his solitary confinement continues "still to this day also" and that his rights under the United States Constitution "still continue to be violated" as an "on going condition." (R. Doc. 16-6 at 5). At best, plaintiff's ARP could be construed to cover events prior to the 90 day time period as well as up to the current date. There is nothing to indicate that plaintiff submitted another ARP to clarify that the covered time period was only the present 90 days of confinement.

Even if the plaintiff's grievance was incorrectly dismissed as untimely, he was still required to exhaust his administrative remedies. *See Gomez v. Hill*, 87 F. App'x 374 (5th Cir. 2004) (rejecting contention that exhaustion of administrative remedies should be excused because a grievance was erroneously denied as untimely; citing *Booth v. Churner*, 532 U.S. 731, 740-41 ("we will not read futility or other exceptions into statutory exhaustion requirements.")). The plaintiff does not allege, and the record does not reveal that the plaintiff filed a subsequent grievance making clear that he was complaining about his current confinement, which was exhausted prior to the filing of his Complaint. As such, the plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is

authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of the plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## RECOMMENDATION

The summary judgment record establishes that the plaintiff failed to exhaust his administrative remedies prior to filing suit. As such, the Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after giving the plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008). Accordingly, it is recommended that the Motion for Summary Judgment (R. Doc. 16) be granted, dismissing all of the plaintiff's claims against all defendants. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on September 21, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**