UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KYLE DAVID JOEKEL

CIVIL ACTION

VERSUS

DARRELL VANNOY, ET AL.

NO. 20-00453-BAJ-RLB

### RULING AND ORDER

Before the Court is Defendants Secretary James LeBlanc, Warden Darrell Vannoy, Warden Tim Delaney, and Warden Joseph Lamartinere's (hereinafter "Defendants") **Motion for Summary Judgment. (Doc. 16).** The Motion is opposed. (Doc. 17). The Magistrate Judge issued a **Report and Recommendation** recommending that the Court grant Defendants' Motion. (Doc. 18, p. 6). Plaintiff objects to the Report and Recommendation. (Doc. 19).

The Magistrate Judge recommends that the Court grant Defendants' motion and dismiss Plaintiff's claims for failure to exhaust his administrative remedies prior to filing suit. (Doc. 18, p. 6). Plaintiff argues that he exhausted all administrative remedies when his grievance was not timely responded to and rejected as untimely. (Doc. 19, p. 1). Pursuant to 42 U.S.C. § 1997e, a plaintiff is required to exhaust all administrative remedies available to him at the prison prior to commencing a civil action in this Court challenging prison conditions. The Louisiana Department of Public Safety and Corrections implemented a two-step administrative process that involves submission of an initial grievance to the warden's office of the facility. *See*

1

22 La. Admin. Code Part I, § 325. This regulation also provides that the grievance "be made in writing within a 90-day period after an incident has occurred." *Id.*

Plaintiff filed his initial grievance on June 1, 2020, complaining of ongoing solitary confinement beginning on September 11, 2012. *See* (Doc. 16-6, p. 2). Plaintiff's grievance was rejected because it addressed events that occurred several years ago. (Doc. 18, p. 5). As the Magistrate Judge noted, the incidents in Plaintiff's grievance clearly occurred more than 90 days prior to the filing of the ARP on June 1, 2020. (Doc. 18, p. 5). Plaintiff complains about his transfer to the Louisiana State Penitentiary at Angola when he was a pretrial detainee in November of 2012. He alleged that his confinement as a pretrial detainee continued until his eventual conviction on February 9, 2020. *Id.* However, the record does not show that Plaintiff ever submitted a second ARP to clarify that the time period at issue in his petition commenced within the relevant 90-day period. Thus, Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

Having carefully considered the underlying Complaint, the instant Motion, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Defendants' Motion (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the entirety of Plaintiff's claims against Defendants Secretary James LeBlanc, Warden Darrell Vannoy, Warden Tim Delaney, and Warden Joseph Lamartinere are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court declines the exercise of supplemental jurisdiction in connection with any potential state law claims against Defendants Secretary James LeBlanc, Warden Darrell Vannoy, Warden Tim Delaney, and Warden Joseph Lamartinere.

Baton Rouge, Louisiana, this 14th day of February, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3